## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00846-SRW |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Supastar Ware's amended complaint (ECF No. 23), motion for extension of time (ECF No. 22), motion for leave to proceed in forma pauperis (ECF No. 24), and motion to appoint counsel (ECF No. 25). For the reasons discussed below, the Court will dismiss this action without prejudice and will deny all pending motions as moot.

### Background

Plaintiff, a transgender woman currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, initiated this action on June 18, 2024, by filing a complaint on the Court's Prisoner Civil Complaint form. (ECF No. 1). On November 21, 2024, the Court issued an order informing Plaintiff that her complaint failed to comply with the pleading requirements set forth in Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 21). The Court provided Plaintiff with specific guidance on the proper format and substance required under these Rules and gave her 30 days to file an amended complaint in accordance with the Court's instructions. *Id*. The order advised Plaintiff that failure to comply with the Court's

instructions within the specified time frame would result in dismissal of the action without prejudice. *Id*.

On December 27, 2024, Plaintiff filed a letter with the Court requesting an extension of time to file her amended complaint. (ECF No. 22). Subsequently, on January 2, 2025, Plaintiff filed an amended complaint (ECF No. 23), a motion for leave to proceed in forma pauperis (ECF No. 24), and a motion to appoint counsel (ECF No. 25).

**Discussion**

Plaintiff's amended complaint is 55 pages long and suffers the same deficiencies as the original. In the amended complaint, Plaintiff asserts 30 distinct claims covering a wide range of issues, including improper disposal of legal mail, fabrication of conduct violations, unlawful surveillance of phone calls, sexual abuse, improper restraint without access to food or bathroom breaks, unconstitutional strip searches, interference with grievance procedures, racial discrimination, retaliation, and excessive force. *Id*. As with the original complaint, the amended complaint presents a disorganized and convoluted narrative that lacks clarity or coherence. Plaintiff's allegations are neither simple, concise, nor direct, thus again failing to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.

In an attempt to comply with Rule 20, Plaintiff has limited her amended complaint to two defendants: the Office of Professional Standards and the Missouri Department of Corrections. However, as the Court previously explained, Rule 20(a) permits the joinder of multiple defendants in a single action only if the claims arise from the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a). Despite this guidance, Plaintiff has again asserted unrelated claims against different defendants in violation of Rule 20.

Moreover, Plaintiff's amended complaint is barred by sovereign immunity. In the absence of a waiver, the Eleventh Amendment prohibits suits against the State or state officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Further, 42 U.S.C. § 1983 authorizes actions only against a "person" for violations of civil rights under color of law. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

## Conclusion

For these reasons, the Court will dismiss this action without prejudice under Rule 41(b) for failure to comply with the Court's order and the Federal Rules of Civil Procedure. The Court will deny Plaintiff's pending motions as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for extension of time (ECF No. 22), motion for leave to proceed in forma pauperis (ECF No. 24) and motion to appoint counsel (ECF No. 25) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of January, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE