# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00846-SRW |
| | ) | |
| E. JENNINGS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit for the limited purpose of addressing Plaintiff Supastar Ware's pending post-judgment motions. The Court will deny the motions for the reasons set forth below.

### Background

Plaintiff is a transgender woman currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. (ECF No. 1 at 2; ECF No. 1-1 at 5). She initiated this action on June 18, 2024, using the Court's "Prisoner Civil Rights Complaint" form. (ECF No. 1).

On November 21, 2024, the Court issued an order informing Plaintiff that her complaint failed to comply with the pleading requirements set forth in Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 21). The Court provided specific guidance on the proper format and substance required under these Rules and gave Plaintiff 30 days to file an amended complaint in accordance with the Court's instructions. *Id*. The order warned Plaintiff that failure to timely comply would result in dismissal of the action without prejudice. *Id*.

On December 27, 2024, Plaintiff filed a letter with the Court requesting an extension of time to file her amended complaint. (ECF No. 22). Subsequently, on January 2, 2025, Plaintiff filed an amended complaint (ECF No. 23), a motion for leave to proceed in forma pauperis (ECF No. 24), and a motion to appoint counsel (ECF No. 25).

The Court dismissed the action on January 24, 2025, explaining that Plaintiff's amended complaint suffered the same deficiencies as the original. (ECF No. 31). Specifically, the Court found that Plaintiff's 55-page handwritten amended complaint violated Rule 8's "short and plain statement" requirement and that the "30 distinct claims" contained therein, brought against two defendants, violated Rule 20's "same transaction or occurrence" requirement. *Id.* at 2. The Court also explained that the amended complaint was barred by sovereign immunity. *Id.* at 3. Plaintiff filed a Notice of Appeal four days later. (ECF No. 34).

## Discussion

Plaintiff now seeks reconsideration and leave to file a second amended complaint. (ECF Nos. 39, 40). For the reasons set forth below, the Court will deny the relief sought.

### I. Motion to Reconsider

In her motion to reconsider, Plaintiff states that the Court processed her claims "maliciously with intent too [sic] get case closed due to possible co-workers, family members, friends, college or colleges." (ECF No. 40 at 1). She further asserts that the Court undercounted her total number of claims and that all defendants acted jointly. (ECF No. 40 at 1). The 15-page motion is largely incomprehensible and does not articulate a valid legal basis for the relief sought.

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b). These include mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence

that could not have been discovered earlier with reasonable diligence; and fraud, misrepresentation, or other misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). The Court may also grant relief if the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). Additionally, relief is available if the judgment has been satisfied, released, or discharged; it is based upon a prior judgment that has been reversed or vacated; or its prospective application would not be equitable. *See* Fed. R. Civ. P. 60(b)(5). Finally, the Rule contains a catchall provision permitting relief for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). Far from addressing any cognizable grounds for reconsideration, Plaintiff makes a range of seemingly unrelated demands, including the termination of all defendants, a $999 million donation to the NAACP, gift cards for various luxury fashion brands, and the deed for the state capitol building. (ECF No. 40-1). Because there appears to be no reasonable basis for the relief sought, the Court will deny Plaintiff's motion to reconsider.

**II. Motion for Leave to File an Amended Complaint**

Because the Court denies Plaintiff's motion to reconsider, her motion for leave to file an amended complaint is moot. But even if the Court were to reopen the matter, Plaintiff's proposed amendment would be futile.

Plaintiff seeks leave to file an amended complaint primarily to identify previously unnamed Doe defendants. (ECF No. 39). She fails to recognize, however, that her amended complaint does not list any unnamed defendants. It is well established that an amended complaint completely

replaces the original complaint, and that any claims not re-alleged are deemed abandoned. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Furthermore, even if Plaintiff had named Doe defendants in her amended complaint, their identification would not cure the deficiencies that lead to dismissal. Therefore, the Court will also deny Plaintiff's motion for leave to amend.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff's post-judgment motions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 39) is **DENIED**.

Dated this 4th day of April, 2025.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE